[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 6, 2007
THOMAS K. KAHN
CLERK

----------------------------------------

No. 06-12442
Non-Argument Calendar

----------------------------------------

BIA No. A79-682-241

CHANG WU LIU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

------------------------------------------------------------------
Petition for Review of a Decision of the
Board of Immigration Appeals
------------------------------------------------------------------

**(June 6, 2007)**

Before EDMONDSON, Chief Judge, ANDERSON and BARKETT, Circuit
Judges.

PER CURIAM:

Chang Wu Liu, a native and citizen of China appearing pro se, petitions for review of the adoption and affirmance by the Board of Immigration Appeals ("BIA") of the decision of the Immigration Judge ("IJ"). The decision denied asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). No reversible error has been shown; we deny the petition in part and dismiss it in part.

We review the decisions of the IJ and the BIA in this case. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (noting that we review the BIA's decision; but "[i]nsofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well"). An IJ's factual determination that an alien is unentitled to asylum "must be upheld if it is supported by substantial evidence." Mazariegos v. U.S. Attorney Gen., 241 F.3d 1320, 1323 (11th Cir. 2001). "Under this highly deferential test, we affirm the IJ's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (internal quotation and alteration omitted). "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

An alien may obtain asylum if he is a "refugee": a person unable or unwilling to return to his country of nationality "because of persecution or a well-founded fear of persecution on account of" a protected ground, including political opinion. 8 U.S.C. §§ 1101(a)(42)(A); 1158(a)(1), (b)(1). "[P]ersecution is an extreme concept." Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (internal quotation omitted). "Not all exceptional treatment is persecution." Gonzalez v. Reno, 212 F.3d 1338, 1355 (11th Cir. 2000). The asylum applicant bears the burden of proving statutory "refugee" status with specific and credible evidence.[1] Al Najjar, 257 F.3d at 1284.

In his asylum application, Liu asserted that his birth violated China's family planning policies because his mother already had two children. Liu claimed that, because he was an "illegal child," he lived away from his parents until he was 16 years old.[2] After Liu turned 16, his mother paid a fine; and Liu registered with the Chinese government. Liu also returned to his parents' house, where he lived for approximately four years until he left for the United States. Liu contended that,

---

[1] We have noted that "only in a rare case does the record compel the conclusion that an applicant for asylum suffered past persecution or has a well-founded fear of future persecution." Silva v. U.S. Attorney Gen., 448 F.3d 1229, 1239 (11th Cir. 2006).

[2] We do not consider Liu's claim -- raised for the first time here -- that his mother was forcibly sterilized in China. See Forgue, 401 F.3d at 1286 (explaining that "we cannot find, or consider, facts not raised in the administrative forum").

because his birth violated China's family planning policies, he was denied the opportunity to receive an education in China; and he fears being denied additional educational and employment opportunities if he returns to China.

Substantial evidence supports the determination that Liu failed to meet his burden that he had been persecuted or that he faced a well-founded fear of persecution on a protected ground. Liu testified that he did not have problems after he returned to his parents' house in China; and he admitted that, besides difficulties with receiving an education, he did not have other problems as a result of being born in violation of China's family planning policies. And Liu explained during his asylum hearing that the reason that he could not return to China was because people there would look down on him for not having an education. The record does not compel the conclusion that Liu is entitled to asylum based on his claims that he did not receive an education and that his lack of education has limited, or would limit, job opportunities in China.[3] Because Liu has failed to meet his burden for asylum, he necessarily has failed to meet the burden of proof

---

[3]Indeed, as the IJ noted, it is not clear from the 2003 Country Report on China included in the record that children born in violation of China's family planning policies are precluded from receiving an education. The Country Report states that penalties for persons who violated the limited child policy include higher tuition costs when the child goes to school; and the IJ reasoned that decisions about Liu's education may have been made by his mother.

required for withholding of removal or CAT relief.  See Forgue, 401 F.3d at 1288 n.4.  Therefore, we deny Liu's petition on these claims.

In his petition for review, Liu also asserts -- for the first time -- that (1) he plans to get married in the United States and to have at least four children, which he fears will make him a target for sterilization if he returns to China, and (2) he fears being persecuted if he returns to China because he left the country illegally. Because Liu did not raise these claims with the IJ or the BIA, Liu has failed to exhaust his administrative remedies; and we lack jurisdiction to consider these claims.  See Amaya-Artunduaga v. U.S. Attorney Gen., 463 F.3d 1247, 1250 (11th Cir. 2006) ("We lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies with respect thereto.").  We dismiss Liu's petition on the claims raised for the first time here.

**PETITION DENIED IN PART, DISMISSED IN PART.**